# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-2488

———————————————

United States of America

*Appellee*

v.

Leander Haggan, also known as Quick

*Appellant*

————————

Appeal from United States District Court
for the District of Nebraska

————————

Submitted: May 13, 2013
Filed: May 24, 2013
[Unpublished]

————————

Before SHEPHERD, ARNOLD, and MELLOY, Circuit Judges.

————————

PER CURIAM.

After Leander Haggan pleaded guilty to conspiring to distribute cocaine base (crack), *see* 21 U.S.C. § 841(a)(1), 846, the district court[1] calculated his advisory

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

sentencing range, adding two levels to his base offense level for possessing a firearm in connection with his drug offense, *see* U.S.S.G. § 2D1.1(b)(1). On appeal, Mr. Haggan challenges the enhancement, contending that the district court relied on witness testimony that lacked credibility and that the evidence at sentencing did not adequately demonstrate that he had "ownership, dominion, or control" of a weapon in connection with his drug crime, *see United States v. Molina-Perez*, 595 F.3d 854, 862-63 (8th Cir. 2010). We review the district court's factual findings supporting its application of the enhancement for clear error, *United States v. Brewer*, 624 F.3d 900, 907 (8th Cir. 2010), and we give great deference to its finding on a witness's credibility, *see United States v. Denton*, 434 F.3d 1104, 1114 (8th Cir. 2006).

Mr. Haggan maintains that the two co-conspirators who testified at his sentencing hearing that they had seen him possessing a gun were not credible because they gave testimony "in hopes of benefitting themselves" and one of them had been using cocaine when he purportedly saw the weapon. But the district court was aware that both witnesses were testifying against Mr. Haggan pursuant to plea agreements and that one of them was a regular cocaine user when he observed Mr. Haggan with a firearm, and we cannot conclude that the court clearly erred in finding that those witnesses were nevertheless credible.

We likewise conclude that the district court did not clearly err in finding, based on the witnesses' testimony, that Mr. Haggan possessed at least one firearm in connection with his drug offense. One witness testified that he saw a firearm on the bed while he and Mr. Haggan were alone in Mr. Haggan's bedroom using cocaine; the other witness testified that he saw Mr. Haggan carrying a weapon "tucked into his side of his pants like his waistline" while they were completing a drug transaction.

This testimony was more than sufficient to support a finding that Mr. Haggan possessed a firearm in connection with his drug offense.

Affirmed.

_____